IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION  JUDGE KOCORAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> OUTSOURCING SOLUTIONS INCORPORATED and OSI COLLECTION SERVICES, INC., <br><br> Defendants. | MAGISTRATE JUDGE LEVIN <br><br> CIVIL ACTION NO. <br><br> **01C 7037** <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

DOCKETED SEP 14 2001

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Katrina Malone ("Malone"), an employee of Defendants Outsourcing Solutions Incorporated ("OSI") and OSI Collection Services, Inc. ("OSICS"), and a class of employees who were adversely affected by such practices. As alleged with greater particularity in paragraph nine (9) below, OSI and OSICS discriminated against Malone by retaliating against her for her participation in Title VII litigation. OSI and OSICS also discriminated against a class of employees by retaliating against them for their participation in Title VII litigation or their opposition to violations of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Outsourcing Solutions Incorporated ("OSI") has continuously been and is now a Delaware corporation doing business in the State of Illinois and the City of Schaumburg, and has continuously had at least 15 employees.

5. At all relevant times, Defendant OSI Collection Services, Inc. ("OSICS") has continuously been and is now doing business in the State of Illinois and the City of Schaumburg, and has continuously had at least 15 employees.

6. At all relevant times, OSI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7. At all relevant times, OSICS has continuously been an employer engaged in an

2

industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Malone filed a charge with the Commission alleging violations of Title VII by OSI. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least August, 1999, OSI and OSICS have engaged in unlawful employment practices at their Schaumburg, Illinois facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include, but are not limited to, engaging in intentional discrimination against Malone and against a class of employees who participated in conduct protected by Title VII through a pattern of abuse and intimidation with the intent to force them to resign, in retaliation for their participation in Title VII litigation or their opposition to violations of Title VII, and by constructively discharging them.

10. The effect of the practices complained of in paragraph nine (9) above has been to deprive Malone and the class of employees retaliated against for their participation in conduct protected by Title VII of equal employment opportunities and otherwise adversely affect their status as employees because of their participation in conduct protected by Title VII.

11. The unlawful employment practices complained of in paragraph nine (9) above were and are intentional.

10. The unlawful employment practices complained of in paragraph nine (9) above were and are done with malice or with reckless indifference to the federally protected rights of Malone and the class of employees retaliated against for their participation in conduct protected by Title VII.

3

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining OSI, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees for their participation in conduct protected by Title VII;

B. Grant a permanent injunction enjoining OSICS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees for their participation in conduct protected by Title VII;

C. Order OSI to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who participate in conduct protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices;

D. Order OSICS to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who participate in conduct protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices;

E. Order OSI to make whole Malone and the class of employees retaliated against for their participation in conduct protected by Title VII by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

F. Order OSICS to make whole Malone and the class of employees retaliated against for their participation in conduct protected by Title VII by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

G. Order OSI to make whole Malone and the class of employees retaliated against for their participation in conduct protected by Title VII by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph nine (9) above, including, but not limited to, relocation and job search expenses, in amounts to be determined at trial;

H. Order OSICS to make whole Malone and the class of employees retaliated against for their participation in conduct protected by Title VII by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph nine (9) above, including, but not limited to, relocation and job search expenses, in amounts to be determined at trial;

I. Order OSI to make whole Malone and the class of employees retaliated against for their participation in conduct protected by Title VII by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph nine (9) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

J. Order OSICS to make whole Malone and the class of employees retaliated against for their participation in conduct protected by Title VII by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph nine (9) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

K. Order OSI to pay Malone and the class of employees retaliated against for their participation in conduct protected by Title VII punitive damages for its malicious and/or reckless conduct described in paragraph nine (9) above, in amounts to be determined at trial;

L. Order OSICS to pay Malone and the class of employees retaliated against for their participation in conduct protected by Title VII punitive damages for its malicious and/or reckless conduct described in paragraph nine (9) above, in amounts to be determined at trial;

M. Order OSI and its successors to provide training to its officers, managers and employees regarding retaliation for participation in conduct protected by Title VII in the workplace;

N. Order OSICS and its successors to provide training to its officers, managers and employees regarding retaliation for participation in conduct protected by Title VII in the workplace;

O. Grant such further relief as the Court deems necessary and proper in the public interest; and

P. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

NICHOLAS M. INZEO
Acting Deputy General Counsel

A. JACY THURMOND, JR.
Assistant General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Diane I. Smason
Trial Attorney

Beth Miller
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7526

Civil Cover Sheet                                                    http://www.ilnd.uscourts.gov/_vti_bin/shtml.dll/PUBLIC/Forms/cvcover.h

(CAT 1)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS  JUDGE KOCORAS

## Civil Cover Sheet     MAGISTRATE JUDGE LEVIN

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

County of Residence:

Plaintiff's Atty: Diane I. Smason
Equal Employment Opportunity Commission
500 W. Madison, Suite 2800
Chicago, IL 60661
312-353-7526

**Defendant(s): OUTSOURCING SOLUTIONS, INC & OSI COLLECTION SERVICES, INC.**

County of Residence:

Defendant's Atty: Beth T. Golub
Seyfarth Shaw
55 E. Monroe, Suite 4200
Chicago, IL 60603-5803
312-269-8503

01C 7037   DOCKETED SEP 14 2001

**II. Basis of Jurisdiction:**    1 U.S. Gov't Plaintiff

**III. Citizenship of Principle Parties (Diversity Cases Only)**
   Plaintiff:- N/A
   Defendant:- N/A

**IV. Origin:**    1. Original Proceeding

**V. Nature of Suit:**    442 Employment

**VI. Cause of Action:**    Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation

**VII. Requested in Complaint**
   Class Action: No
   Dollar Demand:
   Jury Demand: Yes

**VIII.** This case **Is NOT** a refiling of a previously dismissed case. (If yes case number __ by Judge __)

Signature: Diane I. Smason
Date: September 11, 2001

U.S. DISTRICT COURT CLERK  01 SEP 11 AM 9:2  FILED-ED4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

OUTSOURCING SOLUTIONS, INC. & OSI COLLECTION SERVICES, INC.

Case Number: **01C 7037**

JUDGE KOCORAS

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| (A) | (B) |
|---|---|
| SIGNATURE: Diane I. Smason | SIGNATURE: Beth A. Miller |
| NAME: Diane I. Smason | NAME: Beth A. Miller |
| FIRM: Equal Employment Opportunity Commission | FIRM: Equal Employment Opportunity Commission |
| STREET ADDRESS: 500 W. Madison, Suite 2800 | STREET ADDRESS: 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP: Chicago, IL 60661 | CITY/STATE/ZIP: Chicago, IL 60661 |
| TELEPHONE NUMBER: (312) 353-7526 | TELEPHONE NUMBER: (312) 353-7722 |
| IDENTIFICATION NUMBER: ARDC No. 0622613 | IDENTIFICATION NUMBER: ARDC No. 0603264 |
| MEMBER OF TRIAL BAR? NO | MEMBER OF TRIAL BAR? YES |
| TRIAL ATTORNEY? YES | TRIAL ATTORNEY? YES |
|  | DESIGNATED AS LOCAL COUNSEL? NO |

| (C) | (D) |
|---|---|
| SIGNATURE: Gregory M. Gochanour | SIGNATURE: John C. Hendrickson |
| NAME: Gregory M. Gochanour | NAME: John C. Hendrickson |
| FIRM: Equal Employment Opportunity Commission | FIRM: Equal Employment Opportunity Commission |
| STREET ADDRESS: 500 W. Madison, Suite 2800 | STREET ADDRESS: 500 W. Madison, Suite 2800 |
| CITY/STATE/ZIP: Chicago, IL 60661 | CITY/STATE/ZIP: Chicago, IL 60661 |
| TELEPHONE NUMBER: (312) 886-9124 | TELEPHONE NUMBER: (312) 353-8551 |
| IDENTIFICATION NUMBER: ARDC No. 06210804 | IDENTIFICATION NUMBER: ARDC No. 01187589 |
| MEMBER OF TRIAL BAR? YES | MEMBER OF TRIAL BAR? YES |
| TRIAL ATTORNEY? YES | TRIAL ATTORNEY? YES |
| DESIGNATED AS LOCAL COUNSEL? NO | DESIGNATED AS LOCAL COUNSEL? NO |

DOCKETED SEP 14 2001

FILED 01 SEP 11 AM 9:21