# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7037 | **DATE** | 10/23/2003 |
| **CASE TITLE** | EEOC vs. Outsourcing Solutions, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10/30/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Malone's motion (Doc 52-1) to remand or voluntarily dismiss, without prejudice, is denied.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY,　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　 )　　01 C 7037
　　　　　　　　　　　　　　　　　)
OUTSOURCING SOLUTIONS, INC. and OSI )
COLLECTION SERVICES, INC.,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　 )

DOCKETED
OCT 24 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff-intervenor Katrina Malone's ("Malone") renewed motion to remand or voluntarily dismiss, without prejudice, her claim for intentional infliction of emotional distress. For the reasons set forth below, the motion is denied.

## BACKGROUND

Malone is a former employee of Defendants Outsourcing Solutions, Inc. and OSI Collection Services, Inc. ("Defendants"). Malone had testified against her employer in an investigation relating the present case, a sexual harassment lawsuit filed by the EEOC on behalf of two of her co-workers against Defendants. Malone alleges that she

was forced to resign as a result of her involvement in the sexual harassment investigation. Intervening in the case, Malone's four-part complaint contained two federal claims (retaliation in violation of Title VII, 42. U.S.C. § 2000e *et seq.*, and conspiracy under 42 U.S.C. § 1985) and two claims brought under Illinois law (conspiracy and intentional infliction of emotional distress). This court had original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. On October 23, 2002, this court partially granted Defendants' motion for summary judgment, dismissing Malone's two federal claims and her Illinois conspiracy claim. Equal Employment Opportunity Commission v. Outsourcing Solutions, Inc., 2002 WL 31409584 (N.D. Ill. 2002).

Following the summary judgment ruling, on December 11, 2002, Malone filed a motion to remand her intentional infliction of emotional distress claim to state court or to voluntarily dismiss the claim without prejudice. This court denied Malone's motion, without prejudice, to allow the various parties to attempt to resolve the lawsuit in its entirety through a global settlement. On April 2, 2003, the parties to this lawsuit participated in a settlement conference with the court, but did not reach a resolution.

On May 2, 2003, Defendants filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of Missouri. As a result, on May 12, 2003, Malone's litigation was automatically stayed pursuant to 11 U.S.C. § 362(a)(1).

On August 28, 2003, Bankruptcy Judge Schermer entered an order lifting the automatic stay for the "sole purpose" of allowing this court to enter a consent decree that all parties to this case had negotiated. In re Union Financial Services Group Inc., No. 03-45870-399 (Bankr. E.D. Mo. 2003) (order approving settlement agreement and granting a limited modification of the automatic stay) ("Order") at ¶ 7. The proposed consent decree sought to completely resolve all claims among the parties relating to this lawsuit. However, it appears that a total agreement between the parties could not be reached. On September 22, 2003, the parties appeared before this court and communicated that they could not resolve differences involving language to be included in a private settlement between Malone and Defendants. This court then reinstated Malone's motion for remand or for voluntary dismissal without prejudice.

## DISCUSSION

It is not necessary to reach the merits of Malone's motion because the granting of her request would constitute a violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(1). The automatic stay provision states that a petition for bankruptcy protection triggers a stay which prevents the "commencement or continuation . . . of a judicial, administrative or other action or proceeding against the debtor." Id.; Middle Tennessee News Co., Inc v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1082 (7th Cir. 2001). The automatic stay is "exceedingly broad," and

"prohibits any entity from taking certain actions, including commencing or continuing litigation affecting the estate." In re Lifschultz Fast Freight Corp., 174 B.R. 271, 279 (N.D. Ill. 1994). One purpose of the automatic stay is "to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors . . . thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" In re Holtkamp, 669 F.2d 505, 508 (7th Cir. 1982) (citations omitted). To effectuate this purpose, "the automatic stay remains in effect until the bankruptcy court disposes of the case or grants relief from the stay [and] actions taken in violation of an automatic stay ordinarily are void." Middle Tennessee News at 1082.

If this court were to grant Malone's motion by dismissing her claim or remanding it to state court, it would clearly constitute "judicial action" in violation of 11 U.S.C. § 362(a)(1). Judge Schermer's order narrowly modified the automatic stay "for the sole purpose" of allowing this court to enter the proposed consent decree. Order at ¶ 7. Judge Schermer explicitly ordered that the automatic stay "shall continue in force and effect *for all other purposes* and with respect to all other matters." Id. (emphasis added). By dismissing or remanding Malone's claim, this court would certainly exceed the narrow scope of Judge Schermer's order and would frustrate the

automatic stay's purpose of channeling all pre-petition claims against the debtor into a unified proceeding before a bankruptcy court.

When Defendants filed for bankruptcy protection in May 2002, the Bankruptcy Court for the Eastern District of Missouri assumed jurisdiction over all pre-petition claims against Defendants. This includes Malone's Illinois claim for intentional infliction of emotional distress. Because this court does not have the authority to do what Malone requests, her motion must be denied.

## CONCLUSION

Based on the foregoing analysis, Malone's motion to remand or voluntarily dismiss, without prejudice, is denied.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 23 2003