Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7037 | DATE | 11/20/2003 |
| CASE TITLE | EEOC vs. Outsourcing Solutions, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Consent Decree.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | NOV 21 2003 | date docketed | |
| ✓ | Docketing to mail notices. | | | 63 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br>and<br><br>KATRINA MALONE,<br><br>        Plaintiff-Intervenor,<br><br>v.<br><br>OUTSOURCING SOLUTIONS INCORPORATED and OSI COLLECTION SERVICES, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 01 C 7037<br><br>Judge Kocoras<br><br>Magistrate Judge Levin |

DOCKET

NOV 2 1 2003



## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendants Outsourcing Solutions Inc. and OSI Collection Services, Inc. (collectively, "OSI") retaliated against Katrina Malone ("Malone") and a class of two employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, ("Title VII") for their participation in Title VII litigation or their opposition to violations of Title VII. The class members are John Sheehan and Kimberly Shimanski. Malone intervened in this case pursuant to Title VII by filing her own complaint alleging unlawful retaliation under Title VII, conspiracy and intentional infliction of emotional distress. Defendants filed an Answer to the EEOC and Intervenor's complaints denying any liability.

2. In the interest of resolving this matter, and as a result of comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree fully and finally resolves any and all issues and claims arising out of the Charge of Discrimination filed by Katrina Malone (EEOC Charge No. 210A10059) and the Complaints filed by the EEOC and by Malone in this action.

## FINDINGS

3. Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, records and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Consent Decree are adequate, fair and reasonable. The rights of the parties and the public interest are adequately protected by this Consent Decree.

    c. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION AGAINST RETALIATION

4. Outsourcing Solutions Inc. and OSI Collection Services, Inc., their officers, agents, employees, successors, assigns, and all persons acting in concert with them shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a charge of discrimination under Title VII, testified

or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Consent Decree.

## EFFECT OF DECREE

5. This Consent Decree shall not constitute an admission by any party as to the claims or defenses of another party.

## BANKRUPTCY FILING

6. On May 2, 2003, Union Financial Services Group, Inc., an affiliate of Outsourcing Solutions, Inc. and OSI Collection Services, Inc., filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (the "Bankruptcy Court"), Case No. 03-45870-399. On May 12, 2003, Outsourcing Solutions Inc. and OSI Collection Services, Inc. filed voluntary petitions under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court, Case Nos. 03-46349-399 and 03-46327-399, respectively. The cases are being jointly administered, pursuant to order of the Bankruptcy Court, under Case No. 03-45870-399 (collectively, the "Bankruptcy Case").

## SETTLEMENT OF CLAIMS

7a. Outsourcing Solutions Inc. agrees to allow Katrina Malone a general, unsecured, prepetition claim against its bankruptcy estate in the gross amount of $112,500, 100% of which claim is designated as back-pay and from which the employee's share of all applicable deductions shall be made. Such claim shall be administered, satisfied and discharged in accordance with the terms and conditions of the plan of reorganization that is confirmed in the Bankruptcy Case, and pursuant to the provisions and requirements of the Bankruptcy Code.

Such claim shall not enjoy any type of statutory or administrative priority over any other general, unsecured, prepetition claims in the Bankruptcy Case; however, this provision does not preclude Malone from seeking Bankruptcy Code Section 507(a)(3) or (4) priority for her prepetition claim in future proceedings in the Bankruptcy Court, nor preclude Outsourcing Solutions Inc. or any other party in interest from contesting that request for priority.

  7b. Outsourcing Solutions Inc. agrees to allow Kimberly Shimanski a general, unsecured, prepetition claim against its bankruptcy estate in the gross amount of $26,250, 50% of which claim is designated as back-pay and from which the employee's share of all applicable deductions shall be made. Such claim shall be administered, satisfied and discharged in accordance with the terms and conditions of the plan of reorganization that is confirmed in the Bankruptcy Case, and pursuant to the provisions and requirements of the Bankruptcy Code. Such claim shall not enjoy any type of statutory or administrative priority over any other general, unsecured, prepetition claims in the Bankruptcy Case.

  7c. Outsourcing Solutions Inc. agrees to allow John Sheehan a general, unsecured, prepetition claim against its bankruptcy estate in the gross amount of $11,250, 50% of which claim is designated as back-pay and from which the employee's share of all applicable deductions shall be made. Such claim shall be administered, satisfied and discharged in accordance with the terms and conditions of the plan of reorganization that is confirmed in the Bankruptcy Case, and pursuant to the provisions and requirements of the Bankruptcy Code. Such claim shall not enjoy any type of statutory or administrative priority over any other general, unsecured, prepetition claims in the Bankruptcy Case.

  7d. Any and all other monetary claims described in or arising from this Consent Decree beyond those claims described in paragraphs 7-9 above, if any, shall be general,

unsecured, prepetition claims against Outsourcing Solutions Inc. in the Bankruptcy Case. All such claims shall be administered, satisfied and discharged in accordance with the terms and conditions of the plan of reorganization that is confirmed in the Bankruptcy Case, and pursuant to the provisions and requirements of the Bankruptcy Code. In addition, such claims shall not enjoy any type of statutory or administrative priority over any other general, unsecured, prepetition claims in the Bankruptcy Case.

7e. OSI has received a signed release from John Sheehan and Kimberly Shimanski (the form of which is attached hereto as Exhibit A); and has received a signed release from Katrina Malone (the form of which was negotiated privately between Malone and OSI). The parties have applied to the Bankruptcy Court for, and obtained an order authorizing the entry of this Consent Decree for the purpose of liquidating the parties' claims against OSI. In no event shall any of the parties request that the Bankruptcy Court grant relief from the automatic stay to allow any of the parties to enforce, collect, or otherwise receive payment on account of their claims against OSI, except in accordance with OSI's plan of reorganization; nor shall any of the parties take any further actions against OSI or any of its affiliated companies in respect of such claims without the prior authorization of the Bankruptcy Court.

## POSTING OF NOTICE

8. Within ten (10) business days after entry of this Consent Decree, OSI shall post a same-size copy of the Notice attached as Exhibit B to this Consent Decree at its Schaumburg, Illinois facility in locations where notices to employees and applicants for employment at its facilities are normally posted. The Notice shall remain posted for two (2) years from the date of entry of this Consent Decree. OSI shall take all reasonable steps to ensure that the posting is not

altered, defaced or covered by any other material. OSI shall certify to the EEOC in writing within fifteen (15) days after entry of this Consent Decree that the copy of the Notice has been properly posted. OSI shall permit a representative of the EEOC to enter the Schaumburg, Illinois facility for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

9. For a period of two (2) years following entry of this Consent Decree, OSI shall maintain and make available for inspection and copying by the EEOC records (including name, social security number, address, telephone number, details of complaint of retaliation, details of all actions taken in response to the complaint of retaliation) of each person who complains of Title VII retaliation occurring at OSI's Schaumburg, Illinois facility.

10. OSI shall make all documents or records referred to in paragraph 9, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, OSI shall make available all persons within its employ whom the EEOC requests for purposes of verifying compliance with this Consent Decree and shall permit a representative of the EEOC to enter their respective premises for such purposes on five (5) business days' advance notice by the EEOC.

11. Nothing in this Consent Decree shall be construed to limit any obligation OSI may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

12. OSI shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following entry of this Consent Decree. The first report shall be due six

(6) months after the entry of this Consent Decree. The final report shall be due twenty-three (23) months after entry of this Consent Decree. Each such report shall contain (a) the information required to be maintained pursuant to paragraph 9, above, and (b) a certification by OSI that the Notice required to be posted pursuant to paragraph 8, above, remained posted during the entire six (6) month period preceding the report.

## TRAINING

13. Within three (3) months of the entry of this Consent Decree, OSI shall provide training to all their current management, supervisory and hourly employees at their Schaumburg, Illinois facility relating to the anti-retaliation provisions of the anti-discrimination laws, rules, and regulations. An outside party approved by the Commission shall conduct the training. Within twenty (20) days of the entry of the Consent Decree, OSI shall submit to the Commission the name and credentials of the person whom it recommends to conduct the training, a description of the training to be provided, and a copy of any training materials to be used in connection with the proposed training. Within ten (10) days of the Commission's receipt of OSI's recommendations, the Commission will advise OSI whether or not it approves of OSI's recommendations. If the Commission does not approve of any of OSI's recommendations, the parties will make good faith efforts to resolve their differences, and if necessary, seek resolution by the Court pursuant to paragraph 14, below. Within ten (10) days of the completion of the training, OSI shall notify the EEOC of the dates the training was conducted, and the name and job title of each person who received the training.

## DISPUTE RESOLUTION

14. In the event that either party to this Consent Decree believes that the other party

has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief; provided that appropriate notice of a dispute between the parties is provided to Bankruptcy Court.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

15. All provisions of this Consent Decree shall be in effect (and the Court shall retain jurisdiction of this matter to enforce this Consent Decree) for a period of two (2) years immediately following entry of the Consent Decree, provided, however, that if, at the end of the two (2) year period, any disputes under paragraph 14, above, remain unresolved, the term of the Consent Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

16. Each party to this Consent Decree shall bear its own expenses, costs and attorneys' fees, including, but not limited to, the expenses, costs and attorneys' fees related to this litigation and to Malone's charge of discrimination.

17. The terms of this Consent Decree are and shall be binding upon all parties to this lawsuit and upon the present and future representatives, agents, directors, officers, assigns, and successors of all parties.

18. When this Consent Decree requires the submission by OSI of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: OSI Settlement, c/o Diane I. Smason, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, IL 60661. When this Consent Decree requires submission by the EEOC of materials to OSI they shall be mailed to: Peter Pugal, Outsourcing Solutions Inc., 2520 South 170th Street, New Berlin, Wisconsin 53151.

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>500 West Madison Street<br>Suite 2800<br>Chicago, IL 60661<br>(312) 353-7526 | For OUTSOURCING SOLUTIONS INCORPORATED: |

Name: Peter A. Pugel

Title: VICE PRESIDENT Human Resources Serv..

_____
John C. Hendrickson
Regional Attorney

For OSI COLLECTION SERVICES, INC.:

_____
Gregory M. Gochanour
Supervisory Trial Attorney

Name: Peter A. Pugel

Title: VICE PRESIDENT Human Resources Services

_____
Katrina Malone


ENTER:

_____
U.S. District Court Judge Charles P. Kocoras

Date: NOV 2 0 2003

9

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | |
|           Plaintiff, )<br>and )<br>) | CIVIL ACTION NO. 01 C 7037 |
| KATRINA MALONE, )<br>) | Judge Kocoras |
|           Plaintiff-Intervenor, )<br>) | Magistrate Judge Levin |
| v. )<br>) | |
| OUTSOURCING SOLUTIONS INCORPORATED and OSI COLLECTION SERVICES, INC., )<br>)<br>)<br>) | |
|           Defendants. )<br>) | |

### RELEASE AGREEMENT

      For and in consideration of payment to be made from Outsourcing Solutions Inc. and OSI Collection Services, Inc. (collectively, "OSI") as determined by the Bankruptcy Court in respect of my $_____ claim, pursuant to a consent decree ("Consent Decree") entered by the Court in *EEOC and Malone v. Outsourcing Solutions Incorporated and OSI Collection Services, Inc.*, Civil Action No. 01 C 7037 (N.D. Ill.), I, [Kimberly Shimanski/John Sheehan], hereby release and forever discharge OSI, its successors, parent, related corporate entities, affiliates, their assigns, directors, officers, employees and representatives from all claims, demands and causes of action which the undersigned now has or has had against OSI under Title VII of the Civil Rights Act of 1964, as amended, as a result of or arising from the subject matter and claims asserted by the EEOC in *EEOC and Malone v. Outsourcing Solutions Incorporated and OSI Collection Services, Inc.*, Civil Action No. 01 C 7037 (N.D. Ill.), or which could have been raised by EEOC therein. I also agree that I am waiving any claims for attorneys' fees or costs associated with the claims I am waiving by this agreement. Provided however, nothing in this Release Agreement shall be construed as a waiver of any rights or claims I may have arising after the date of the Consent Decree.

Date: _____                        Signed: _____
                                                                                  Print Name: _____

## EXHIBIT B

## NOTICE TO ALL EMPLOYEES AND APPLICANTS OF OSI COLLECTION SERVICES, INC.

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC, et al. v. OSI Collection Services, Inc., et al. ("OSI"), 01 C 7037 (N.D. Illinois), settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that OSI retaliated against certain employees in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") for their participation in Title VII litigation or their opposition to violations of Title VII. OSI denied all of the allegations made against it in the lawsuit and does not admit any liability in the lawsuit.

The parties agreed to enter into a Consent Decree which requires OSI to:

1) provide monetary relief to certain former employees;

2) not retaliate against any person in violation of Title VII;

3) provide periodic reports to the EEOC of any complaints of retaliation; and

4) provide training to its employees at the Schaumburg, Illinois facility regarding retaliation.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: OSI Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.** The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-2713. The EEOC charges no fees and has employees who speak languages other than English.

Date: NOV 2 0 2003

*Charles P. Kocoras*
U.S. District Judge Charles P. Kocoras